**UNITED STATES COURT OF APPEALS**      **October 7, 2008**

**FOR THE TENTH CIRCUIT**      **Elisabeth A. Shumaker**
                                         **Clerk of Court**

---

SUNDAI BALANDER,

      Plaintiff-Appellant,

  and

KRISTIE ADRIAN, individually and
as parent and Guardian of Z. Brooks;
TESSA BOGGS; BARRY BULTENA;
GLORIA BULTENA; DONALD
CLINTON; GRACE CLINTON; VIDA
DAHL; SHIRLEY DEMERRITT;
TERRY ELLIOTT; JANET ELLIOTT;
MICHELLE HAMBY; MICHAEL
HAWLEY, individually and as parent
and guardian for J. Hawley; ROBIN
HAWLEY, individually and as parent
and guardian of J. Hawley; RICHARD
HENKLE, parent and natural guardian
and next friend of R.M. Henkle, R.J.
Henkle, S. Henkle, A.M. Henkle, A.L.
Henkle; LAURIE HENKLE, parent
and natural guardian and next friend of
R.M. Henkle, R.J. Henkle, S. Henkle,
A.M. Henkle, A.L. Henkle; STEVEN
HILL, individually and as parent and
guardian of J. Hill; DORIS HILL,
individually and as parent and
guardian of J. Hill; AMY HUGHES,
individually and as parent and
guardian of D. Hughes; CATHY
JONES; JUANITA MILLS;
VERNARD MILLS; DARRELL
PETTY, individually and as legal
custodian on behalf of S. Petty;
JEAN PETTY, individually and as

No. 08-8023
(D.C. No. 2:06-CV-00078-CAB)
(D. Wyo.)

legal custodian on behalf of S. Petty;
AMANDA PURVIANCE; TODD
PURVIANCE; JUSTINE RUSSELL;
FRANK SCHRODER; LYNNDA
SCHRODER; DEBRA SOLIS,
individually and as parent and
guardian of A. Solis; SUSAN
VARNER, individually and as parent
and guardian of T. Varner; CAROL
WOLFE; ANDREW WRIGHT,
individually and as parent and
guardian of J. Wright and T. Wright;
LETEA WRIGHT, individually and as
parent and guardian of J. Wright and
T. Wright; RUTH MIRANDA,

          Plaintiffs,

v.

HERMES CONSOLIDATED INC.,
doing business as Wyoming Refining
Company,

          Defendant-Appellee.

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **PORFILIO**, and **TYMKOVICH**, Circuit Judges.

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Plaintiff-appellant Sundai Balander, proceeding pro se, appeals the district court's order enforcing a settlement between all plaintiffs and defendants in the underlying case based on a 2002 accidental release of catalyst from an oil refinery. Ms. Balander maintains that her attorney exceeded his authority in entering a settlement agreement on her behalf because she interprets the agreement to waive or release rights she never intended to relinquish.

We have jurisdiction under 28 U.S.C. § 1291. Because we conclude that the district court did not abuse its discretion in enforcing the settlement, we affirm.

### *Background*

Plaintiffs in the underlying lawsuit are residents of Newcastle, Wyoming. Defendant operates an oil refinery in Newcastle. Plaintiffs sought damages based on the discharge of thirty-three tons of catalyst from the refinery's fluid catalytic cracking unit on March 24, 2002. The litigation was settled through mediation for a lump sum payable to the plaintiffs as a group, with a special master to decide how much of the settlement sum each plaintiff would receive.

Before attending the mediation session, the plaintiffs' lead attorney Jeremy Michaels sent a letter to each plaintiff explaining the mediation process and requesting him or her to opt out if he or she did not wish to be bound by any settlement reached through mediation. Thereafter, the plaintiffs' attorneys held a meeting to further explain the process and to answer plaintiffs' questions. They

reviewed the mediation process and informed the plaintiffs that they intended to settle the entire case for all plaintiffs if they could secure a sufficient sum. Ms. Balander attended the meeting and expressed her intention not to be bound by a settlement that released the refinery from future damages for any future events; prevented her from advocating for state or federal agencies to impose clean-up requirements on the refinery; or kept her from speaking about problems with the refinery, past, present, or future.

The settlement provided that defendant would pay the lump-sum settlement amount only after every plaintiff signed the settlement agreement. Ms. Balander refused to sign. Consequently, two of the forty-four signing plaintiffs brought a motion to enforce the settlement agreement.[1] Ms. Balander responded, asserting that she had not given the plaintiffs' attorneys authority to enter into such a broad settlement on her behalf, and requesting to be excluded from the settlement.

The district court held a hearing on March 7, 2008, and heard statements by the various attorneys for the parties and by Ms. Balander. In particular, Mr. Michaels, the plaintiffs' lead attorney who effected the settlement through mediation, stated that all of the plaintiffs authorized him to settle the case. Another attorney informed the court that Ms. Balander expressed at the pre-mediation meeting that she did not want to be restricted from speaking out

---

[1] Four other plaintiffs also initially refused to sign the settlement agreement, but they later acquiesced.

against the refinery, but did not withdraw Mr. Michaels' representation of her in the lawsuit. Ms. Balander stated that her goal was to require the refinery to install scrubbers, and that she interpreted the settlement agreement to release all future claims, as well as past ones, to which she did not agree.[2] At the conclusion of the hearing, the district court found that Ms. Balander was bound by the settlement, and ordered her to sign the settlement agreement by March 14, 2008, or her claims would be dismissed with prejudice. Ms. Balander did not sign, and the district court entered an order dismissing her claims with prejudice and compelling her to abide by the confidentiality terms of the settlement.

Ms. Balander appeals. She argues to this court that she authorized her attorneys to settle only her claims relative to the 2002 catalyst release, and she believes the settlement agreement exceeded that authority. She also asserts that the order requiring her to sign the settlement agreement violated her constitutional rights to choose which documents she will sign and to avoid being a party to an oppressive precedent. Ms. Balander does not challenge the district court's remedy for her refusal to sign the settlement agreement. She requests the following relief on appeal: (1) a sign under the bridge at the southwest corner of the refinery warning children to keep out of allegedly contaminated water;

---

[2] Although Ms. Balander complains on appeal that the district court restricted her opportunity to state her position, she does not apprise this court what more she would have said if given the opportunity. Moreover, she stated her position in written pleadings which are part of the record.

(2) better oversight of the refinery's emissions and practices by federal and state agencies; (3) leave to opt out of the settlement agreement so she can pursue action to require the refinery to operate safely and cleanly, or an order vacating the settlement agreement and mandating new mediation; and (4) a monetary award to be paid by defendant, the other plaintiffs, and their attorneys to compensate her for her expenses in collecting evidence, as well as for her mental and emotional stress.

*Discussion*

"A trial court has the power to summarily enforce a settlement agreement entered into by the litigants while the litigation is pending before it." *United States v. Hardage*, 982 F.2d 1491, 1496 (10th Cir. 1993). This court reviews the decision to enforce a settlement for an abuse of discretion. *Shoels v. Klebold*, 375 F.3d 1054, 1060 (10th Cir. 2004). "An abuse of discretion occurs when the district court based its decision on an erroneous conclusion of law or where there is no rational basis in the evidence for the ruling." *Id.* (quotation omitted). "[T]he resolution of factual issues and conflicting evidence [is] solely within the province of the district court." *Plaza Speedway Inc. v. United States*, 311 F.3d 1262, 1270 (10th Cir. 2002) (quotation omitted). State law controls any issues concerning the formation of a purported settlement agreement. *Shoels*, 375 F.3d at 1060. Settlements are favored by both Tenth Circuit and Wyoming law. *See Desktop Direct, Inc. v. Digital Equip. Corp.*, 993 F.2d 755, 758 (10th Cir. 1993),

*aff'd*, 511 U.S. 863 (1994); *Peters Grazing Ass'n v. Legerski*, 544 P.2d 449, 456 (Wyo. 1975).

Ms. Balander concedes that she authorized her attorneys to settle her monetary interests in the underlying litigation.[3]  She contends that she did not authorize them to release her rights to complain to state and federal agencies about emissions from the refinery, to influence legislation relative to the refinery, to require the refinery to install scrubbers, to talk about past or future acts or circumstances involving the refinery, or to sue for damages caused by future emissions.  But Ms. Balander has not demonstrated that the settlement agreement infringes those rights, particularly in the face of opinions to the contrary expressed by all attorneys for plaintiffs in this case and the district court.  The issue properly presented on appeal is whether Ms. Balander authorized her attorneys to engage in the settlement reached with the defendant.  The record provides ample support for the district court's finding that she did.

As for Ms. Balander's requests for a warning sign at the bridge, better oversight by state and federal agencies, reimbursement for her expenses, and compensation for her mental and emotional stress, she has not shown that she presented these issues to the district court and requested a ruling, so we do not address them.  *See Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1141 (10th Cir. 2007) ("An issue is preserved for appeal if a party alerts the

---

[3]     She maintains that she never sought money in the litigation.

district court to the issue and seeks a ruling."). Moreover, even if these theories are related to issues raised in the district court, we "will not consider a new theory advanced for the first time as an appellate issue." *Id.*

Ms. Balander's Motion to Amend and Supplement the Record is denied. The judgment of the district court is AFFIRMED.

Entered for the Court


Timothy M. Tymkovich
Circuit Judge