FILED
United States Court of Appeals
Tenth Circuit

May 19, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

SUNDAI BALANDER,

        Plaintiff - Appellant,

and

KRISTIE ADRIAN, individually and as parent and Guardian of Z. Brooks; TESSA BOGGS; BARRY BULTENA; GLORIA BULTENA; DONALD CLINTON; GRACE CLINTON; VIDA DAHL; SHIRLEY DEMERRITT; TERRY ELLIOTT; JANET ELLIOTT; MICHELLE HAMBY; MICHAEL HAWLEY, individually and as parent and guardian for J. Hawley; ROBIN HAWLEY, individually and as parent and guardian of J. Hawley; RICHARD HENKLE, parent and natural guardian and next friend of R.M. Henkle, R.J. Henkle, S. Henkle, A.M. Henkle, A.L. Henkle; LAURIE HENKLE, parent and natural guardian and next friend of R.M. Henkle, R.J. Henkle, S. Henkle, A.M. Henkle, A.L. Henkle; STEVEN HILL, individually and as parent and guardian of J. Hill; DORIS HILL, individually and as parent and guardian of J. Hill; AMY HUGHES, individually and as parent and guardian of D. Hughes; CATHY JONES; JUANITA MILLS; VERNARD MILLS; DARRELL PETTY, individually and as legal custodian on behalf of S. Petty; JEAN PETTY, individually and as legal custodian on behalf of S. Petty; AMANDA PURVIANCE; TODD PURVIANCE; JUSTINE RUSSELL; FRANK SCHRODER; LYNNDA SCHRODER; DEBRA SOLIS, individually and as parent and guardian of A. Solis; SUSAN VARNER,

No. 08-8073
(D. Wyoming)
(D.C. No. 06-CV-00078-CAB)

individually and as parent and guardian of T. Varner; CAROL WOLFE; ANDREW WRIGHT, individually and as parent and guardian of J. Wright and T. Wright; LETEA WRIGHT, individually and as parent and guardian of J. Wright and T. Wright; RUTH MIRANDA,

        Plaintiffs,

    v.

HERMES CONSOLIDATED, INC., doing business as Wyoming Refining Company,

        Defendant - Appellee.

---

## ORDER AND JUDGMENT[*]

---

Before **KELLY**, **ANDERSON**, and **BRISCOE**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Sundai Balander is before the court a second time in this case.  We previously affirmed the district court's March 24, 2008, order enforcing a settlement agreement against Ms. Balander and dismissing her claims against the appellee with prejudice.  Balander v. Hermes Consol. Inc., 295 Fed. Appx. 902, 2008 WL 4488291 (10th Cir., Oct. 7, 2008).  Subsequently, on November 4, 2008, the panel denied a petition for rehearing, and the court denied rehearing en banc.[1]

On August 28, 2008, the district court approved a separate settlement relating to a small group of minor children unrelated to Ms. Balander.  And, on September 15, 2008, the court granted a joint motion to dismiss the claims of all remaining plaintiffs with prejudice.  Ten days later, Ms. Balander filed an appeal from those two orders stating, in part, that the appeal "is inextricably linked to current case."  R. Vol. 8, tab 139.

In this appeal, Ms. Balander repeats, although at greater length and with some further detail and recharacterization, the essence of the arguments previously before us:  (1) that the settlement agreement enforced against her was not authorized by, and is not binding on, her; (2) that the attorneys who negotiated the agreement did not act pursuant to any authorization by her to negotiate nonmonetary terms; (3) that the agreement contained terms and

---

[1]Our prior opinion, incorporated herein by this reference, summarizes the facts of the underlying action; the settlement entered into, ultimately, by forty-six of forty-seven plaintiffs (Ms. Balander being the one hold-out); and the contentions and issues raised and decided on appeal.

provisions to which she not only never assented but which she actively opposed; (4) that her constitutional rights to due process have been violated; and (5) that fundamental contract law has been violated. She asks us to reconsider and reverse our prior decision, reverse the district court's orders, relieve her of the settlement agreement, open up the underlying action for other litigation or mediation, and for other, related relief.

Nothing in the August 28, 2008, and September 15, 2008, orders of the district court confers standing on Ms. Balander to contest what was decided. More to the point, the finality of Ms. Balander's first appeal presents the bar of preclusion to further relitigation of the same claims or issues. And, despite her arguments of linkage, relitigation or reconsideration is precisely the result sought by her. See Moss v. Kopp, 559 F.3d 1155 (10th Cir. 2009) (the doctrine of preclusion "bars a party from relitigating an issue once it has suffered an adverse determination on the issue, even if the issue arises when the party is pursuing or defending against a different claim."); Pelt v. Utah, 539 F.3d (10th Cir. 2008) ("[F]inal judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.") (further quotation omitted).

Accordingly, Hermes' motion to dismiss is GRANTED and the appeal is hereby DISMISSED. Hermes' motion to strike is DENIED. Ms. Balander's

-4-

motion to supplement the record has previously been denied. All other motions

by her which are still outstanding are, severally, DENIED.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge